FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 26, 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GUSTAVIA HOME LLC,

                Plaintiff,

    -against-

FATIMA CORPORAN, *et al.*

                Defendants.
-----------------------------------------------------------------x

MEMORANDUM & ORDER
16-CV-2333 (ENV)(RML)

VITALIANO, D.J.

Plaintiff Gustavia Home, LLC ("Gustavia"), a single member limited liability company, initiated this residential mortgage foreclosure action on May 10, 2016 against mortgagors Fatima Corporan and Jose Anibal Marrero and a host of their judgment creditors: New York State Department of Taxation & Finance, the Criminal Court of the City of New York, Queens County Supreme Court, Target National Bank, Capital One Bank (USA), NA, the City of New York Environmental Control Board, and the City of New York Department of Transportation Parking Violations Bureau, and John Doe 1 through 12. *See* Dkt. No. 1 ("Compl."); Dkt. No. 20 at 2 ("Am. Compl."). The claim is simple. Plaintiff contends that, on June 1, 2006, Corporan and Marrero executed a promissory note, secured by a mortgage. Am. Compl. ¶¶ 30-33. They then failed to comply with the terms and provisions of their mortgage by not making monthly payments. This default started on March 1, 2009 and has continued to date. *Id.* ¶ 34. Gustavia represents that it has complied with all contractual provisions in the loan documents, as well as with the requisite statutory notice requirements. *Id.* ¶¶ 35-38; *see also* N.Y. Real Prop. Law §§ 1304(1), 1302, 1306(1).

1

The docket reflects that defendants were formally served. Despite having been provided notice, no defendant has answered or moved with respect to the amended complaint. *See* Dkt. Nos. 17, 22-33. As a consequence of defendants' inaction, on September 8, 2016, Gustavia moved for default judgment, pursuant to Federal Rule of Civil Procedure 55.[1] Dkt. No. 38. That motion was respectfully referred to Magistrate Judge Robert M. Levy to make a Report and Recommendation ("R&R"). Magistrate Judge Levy's R&R issued on January 31, 2017, in which he recommended that the motion for default judgment be granted.[2] Dkt. No. 41. The R&R gave notice that any objection had to be filed within 14 days of service, which was completed the same day. *See* Dkt. No. 42. The Court now adopts the R&R as the opinion of the Court for the reasons set forth below.

## Discussion

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). More significantly, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation, *Gesualdi v. Mack*

---

[1] Plaintiff also requested (i) that John Does 1 through 12 be dismissed from the action and (ii) that a referee be appointed to conduct an auction sale of the mortgaged property. *See* Dkt. No. 38-1.

[2] The R&R explicitly found that the complaint had plausibly pleaded the claimed breach of the mortgage agreement. R&R at 5.

*Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) (citation and internal quotations omitted), and, even then, the district court may still "adopt those portions of the [r]eport . . . which are not facially erroneous." *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (citation and internal quotations omitted).

With respect to Judge Levy's R&R, in this case, no objections have been filed, and the time to do so has long passed. After careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. *See id.* It is, therefore, adopted as the opinion of the Court.

## Conclusion

In accord with the now adopted R&R, Gustavia's motion for default judgment is granted against defendants. Gustavia is awarded $114,760.40 against defendants Corporan and Marrero, consisting of $58,402 in outstanding principal, plus accrued interest in the amount of $56,358.40 for the period March 1, 2009 through August 10, 2016.[3] Defendants John Does 1 through 12 are dismissed from this case.

Gustavia is directed to submit a revised Proposed Judgment of Foreclosure and Sale in accordance with the default judgment now awarded. The Court will select and appoint a referee to conduct the auction sale from a list of referees maintained by the New York State Unified Court System.

---

[3] Gustavia did not request any damages award for interest accrued after August 10, 2016 and, as Magistrate Judge Levy recommended, without objection, the Court will not make such an award *sua sponte*. *See* R&R at 8 n.6.

Upon execution of the Judgment of Foreclosure and Sale by the Court, the Clerk of Court is directed to enter that judgment and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
April 15, 2017

/s/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO
United States District Judge